**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JARROD BRASS, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>SHELDON PIZZA, LLC d/b/a/ Domino's Pizza, PORT PIZZA, LLC d/b/a Domino's Pizza, and SHELDON PORT, Individually,<br><br>Defendants. | No. 4:25-CV-01611<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**MAY 27, 2026**

## I.     BACKGROUND

Defendants Sheldon Pizza, LLC, Port Pizza, LLC, and Sheldon Port (together, "Defendants") operate numerous Domino's pizza shops throughout Pennsylvania.[1] They employ delivery drivers who use their own automobiles to deliver pizza and other food items to customers.[2] Delivery drivers are required to maintain and pay all costs associated with owning and maintaining a safe, legally-operable vehicle, and Defendants reimbursed delivery drivers for these expenses based on a set mileage reimbursement rate.[3]

---

[1] Complaint, Doc. 1 ¶ 11.
[2] *Id.* ¶ 1.
[3] *Id.* ¶¶ 20-21, 23.

Plaintiff Jarrod Brass has been employed as a delivery driver at one of Defendants' stores since 2023.[4] In August 2025, Brass filed a complaint alleging that Defendants used flawed methodology to determine reimbursement rates for their delivery drivers rather than using the methods recommended by the Internal Revenue Service (IRS) and reputable travel agencies.[5] The complaint alleged that this reimbursement methodology led to under-reimbursement that caused Brass and other similarly situated drivers' wages to fall below the federal and state minimum wage during some or all workweeks.[6]

In January 2026, Defendants filed a motion to dismiss and compel arbitration because Brass and Defendants had entered a contract mandating the use of alternative dispute resolution upon Brass's hiring by Defendants.[7] The arbitration agreement contained a provision stating that neither party would be required to pay the costs or attorneys' fees of the other party.[8] In February 2026, Brass responded to Defendants' motion, requesting that this Court sever the cost provision from the arbitration agreement.[9]

For the reasons stated below, Defendants' motion to dismiss and compel arbitration is granted to the extent that it seeks arbitration. Plaintiff's request to

---

[4] *Id.* ¶ 12.
[5] *Id.* ¶ 1.
[6] *Id.*
[7] Motion to Dismiss, Doc. 13 ¶ 9.
[8] *Id.* at 9.
[9] Plaintiff's Response, Doc. 21.

sever the arbitration agreement's cost provision is likewise granted, and that provision is stricken.

## II.    LAW

The Federal Arbitration Act ("FAA") states

[a] written provision in any…contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract…or agreement in writing to submit to arbitration an existing controversy arising out of such a contract…shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.[10]

Arbitration provisions may not prevent employees from vindicating their full statutory rights.[11] Offending cost provisions may be severed, and the remainder of the arbitration agreement enforced.[12]

## III.    ANALYSIS

Upon his hiring in 2023, Brass signed an arbitration agreement that stated that any future dispute between  the parties "arising directly or indirectly out of, in connection with, or relating to" Brass's employment shall be resolved by binding arbitration between the parties.[13]   Brass alleged that the mileage reimbursement rate Defendants paid was not the IRS business mileage rate for the time period in question, nor did Defendants adequately reimburse for the estimated costs

---

[10]   9 U.S.C. § 2.
[11] *Spinetti v. Service Corp. Inter.*, 324 F.3d 212 (3d Cir. 2003).
[12] *Id*. at 214.
[13] Motion to Dismiss, ¶ 14.

associated with the rapid depreciation of using a vehicle for frequent, short trips like those taken to deliver items locally.[14]

As a result of the under-reimbursement, Brass alleged that his net pay fell below the federal and Pennsylvania minimum wage rates, putting Defendants in violation for the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA").[15]

### A.    The arbitration agreement is enforceable.

Under *E.I. DuPont de Nemours & Co., v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.,* a court may compel arbitration when a party enters a valid arbitration agreement.[16] Here, Brass alleges that he was not appropriately reimbursed for the mileage and wear and tear incurred when he drove his personal vehicle in the scope of his employment.[17]

The arbitration agreement between the parties states that claims "arising directly or indirectly out of, in connection with, or relating to the employment" relationship shall be decided in binding, out-of-court arbitration.[18] Because the facts alleged involve a dispute that arose out of Brass's employment with Defendants, and there is no allegation that the agreement is not valid. The

---

[14] Complaint, ¶ 25-27.
[15] *Id*. ¶ 2.
[16] 269 F.3d 187, 194 (3d Cir. 2001).
[17] Complaint, ¶ 25-27.
[18] Motion to Dismiss, ¶ 14.

arbitration agreement that Brass signed applies, and this Court must enforce it per

*E.I. DuPont de Nemours & Co.*[19]

### B. The arbitration agreement's cost provision is invalid but may be severed.

Under *Spinetti v. Service Corp. Inter.*, the United States Court of Appeals for the Third Circuit held that arbitration provisions that prevent employees from vindicating their full statutory rights are not enforceable.[20] In *Spinetti*, because the underlying statutes (Title VII and the ADEA) permitted prevailing plaintiffs to recover attorney's fees, the arbitration agreement's fee-splitting provision was unenforceable because it deprived the employee of a statutory right.[21]

Here, Brass alleged a violation of the FLSA.[22] Under the FLSA, a defendant is required to pay a prevailing employee's attorney's fees,[23] as opposed to Title VII, where attorney's fees awards are only discretionary.[24] Due to the requirement that a prevailing employee receive attorney's fees under the FLSA, Brass would not be able to fully vindicate his statutory rights under that federal provision if he succeeds in arbitration should the agreement's current cost provision stand.[25] Accordingly, the cost provision is not valid under the law.

---

[19] *Id.* ¶ 18.
[20] 324 F.3d at 216.
[21] *Id.*
[22] Complaint, ¶ 2.
[23] 29 U.S.C. § 216(b).
[24] 42 U.S.C. § 2000e-5(k).
[25] *Spinetti*, 324 F.3d at 216.

Despite the invalidity of that provision, in *Spinetti*, the Third Circuit also held that provisions regarding payment of costs and attorney's fees can be severed from arbitration agreements if the provision is found to be illegal or otherwise invalid.[26] An arbitration agreement that is otherwise valid may be enforced with the offending provision removed where that provision is not essential to the agreement and its removal will not defeat the primary purpose of the agreement.[27]

The dispute to be arbitrated between Brass and Defendants is not about attorney's fees, but rather about wages and reimbursement for travel mileage. As such, the cost provision is not essential to the agreement and removing it would not defeat the agreement's primary purpose. Therefore, the cost provision is severable, and the remainder of the agreement can stand without its inclusion.[28]

## IV.    CONCLUSION

Defendants' motion to dismiss and compel arbitration is granted to the extent it seeks arbitration. Plaintiff's request to sever the arbitration agreement's cost provision is likewise granted, and that provision is stricken.

---

[26] *Id*. at 214.
[27] *Id*. at 219.
[28] *Id*.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
